UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Crim. No. 2:18-CR-49 |
| | ) | |
| ANGELO EFTHIMIATOS, | ) | |
| Defendant. | ) | |

## GOVERNMENT'S REQUEST FOR JURY INSTRUCTIONS

The United States of America, by and through its attorney, Christina E. Nolan, United States Attorney for the District of Vermont, hereby requests that the Court instruct the jury following the instructions provided on July 26, 2018 in United States v. John Chinnici, 2:17-cr-00077, with the removal of the instructions listed below, and the inclusion of the attached instructions.

The following instructions may be removed unless an unanticipated circumstance arising during the course of trial requires their inclusion:

Witnesses who have, or have recently, or are currently using controlled;

Prior inconsistent statements of non-party witnesses;

Accomplices called by the government;

Statutory immunity of government witness;

Consciousness of guilt from fabrication of alibi;

Spoliation of evidence;

Impermissible to infer participation from association;

Charts and summaries.

Dated at Burlington, this 14th day of November, 2018.

UNITED STATES OF AMERICA

CHRISTINA E. NOLAN
United States Attorney

By:      /s/ Nicole P. Cate
NICOLE P. CATE
Assistant United States Attorney

/s/ Eugenia A. P. Cowles
EUGENIA A. P. COWLES
Assistant United States Attorney

## INSTRUCTIONS ON THE SUBSTANTIVE LAW OF THE CASE

Having explained the general guidelines by which you will evaluate the evidence in this case, I will now instruct you with regard to the law that is applicable to your determinations in this case.

It is your duty as jurors to follow the law as stated to you in these instructions and to apply the rules of law to the facts that you find from the evidence.  You will not be faithful to your oath as jurors if you find a verdict that is contrary to the law that I give to you.

However, it is the sole province of the jury to determine the facts in this case.  I do not, by any instructions given to you, intend to persuade you in any way as to any question of fact.

The parties in this case have a right to expect that you will carefully and impartially consider all the evidence in the case, that you will follow the law as I state it to you, and that you will reach a just verdict.

## COUNT ONE: SERVING AS AN AIRMAN WITHOUT AN AUTHORIZING AIRMAN'S CERTIFICATE

The indictment charges the defendant with knowingly and willfully serving and attempting to serve in any capacity as an airman without an airman's certificate authorizing him to serve in that capacity, in violation of Title 49, United States Code, Section 46306(b)(7).

The indictment in this case alleges:

[Read Indictment]

Section 46306(b)(7) provides it is a violation of the law for a person to:

Knowingly and willfully serve or attempt to serve in any capacity as an airman without an airman's certificate authorizing the individual to serve in that capacity.

49 U.S.C. §46306(b)(7).

This statute applies to aircraft not being used to provide "air transportation."

49 U.S.C. §46306(a); see United States v. McEnry, 659 F.3d 893 (9th Cir. 2011) (distinguishing between offenses under 49 U.S.C. §46317 and those under 49 U.S.C. §46306(b)); United States v. Lewis, 2016 WL 9175673, No. 16-cr-19-j, (D. Wyo. April 11, 2016)(Proposed Jury Instructions of United States).

## COUNT ONE: ELEMENTS OF THE OFFENSE

In order to prove the defendant guilty of knowingly and willfully serving and attempting to serve in any capacity as an airman without an airman's certificate authorizing him to serve in that capacity, the government must establish each of the following elements beyond a reasonable doubt:

First, the defendant served as an airman in any capacity;

Second, at the time the defendant served as an airman, he did not possess an airman's certificate authorizing him to serve in that capacity;

Third, the defendant acted knowingly and willfully; and

Fourth, the aircraft was not being used to provide air transportation.

49 U.S.C. §46306(b)(7).

## COUNT ONE- FIRST ELEMENT: SERVES AS AN AIRMAN

Count One first requires you to determine if on or about the date in the indictment, Angelo Efthimiatos served as an airman in any capacity. Airman is a legal term of art which is defined to include "an individual. . . in command, or as pilot, mechanic, or member of the crew, who navigates aircraft when under way." A person who pilots an aircraft serves as an airman.

49 U.S.C. §40102(a)(8)(A).

## COUNT ONE- SECOND ELEMENT: AIRMAN'S CERTIFICATE

To prove the second element of Count One, the government must show that at the time the defendant Angelo Efthimiatos served as an airman, he did not possess an airman's certificate authorizing him to serve in that capacity. An airman's certificate is a certificate issued by the Federal Aviation Administration when it determines, after investigation, that an individual is qualified for, and is physically able to perform the duties related to, the position authorized in the certificate. A certificate authorizing a person to pilot an aircraft is a type of airman's certificate.

49 U.S.C. §44703(a); see, e.g., United States v. Atkinson, 232 F.3d 897 (9th Cir. 2000)(defendant violated 49 U.S.C. §46306(b)(7) where he flew aircraft after suspension of his airman's certificate).

## <u>COUNT ONE- THIRD ELEMENT: KNOWINGLY AND WILLFULLY</u>

The third element of Count One requires that the government prove the defendant Angelo Efthimiatos acted knowingly and willfully.

A person acts knowingly if he acts intentionally and voluntarily, and not because of ignorance, mistake, accident, or carelessness. Whether the defendant acted knowingly may be proven by the defendant's conduct and by all of the facts and circumstances surrounding the case.

"Willfully" means to act with knowledge that one's conduct is unlawful and with the intent to do something the law forbids, that is to say with the bad purpose to disobey or to disregard the law. The government does not have to prove the defendant knew that criminal law prohibited his actions.

The defendant's conduct was not "willful" if it was due to negligence, inadvertence, or mistake.

Sand, MODERN FEDERAL JURY INSTRUCTIONS § 3A.01, Instr. 3A-1; §3A.3, Instr. 3A-3; <u>United States v. Atkinson</u>, 232 F.3d 897 (9th Cir. 2000).

## COUNT ONE- FOURTH ELEMENT: AIR TRANSPORTATION

The Fourth Element of Count One requires you to determine that on the date charged in the indictment, the aircraft involved in the allegation was not being used in air transportation. There are two sets of rules governing criminal aviation offenses. One set of rules deals with flights in "air transportation," a legal term of art that means transportation of passengers or property by aircraft for money, or the transportation of mail by aircraft. The other set of rules deals with flights that do not involve transportation of passengers or property for money, or transportation of the mail. The defendant is charged under the second type of statute. Therefore, to prove the fourth element of Count One, the government must prove beyond a reasonable doubt that during the flight alleged in the indictment, the aircraft was not being used to transport mail and not being used to transport passengers or property for compensation.

49 U.S.C. §§ 40102(a)(5) & (25); <u>United States v. Lewis</u>, 2016 WL 9175673, No. 16-cr-19-j, (D. Wyo. April 11, 2016)(Proposed Jury Instructions of United States).

## <u>"ON OR ABOUT" EXPLAINED</u>

The indictment charges that the offense was committed "on or about" a certain date. Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on dates reasonably near the date alleged in the indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.


Adapted from, Sand, MODERN FEDERAL JURY INSTRUCTIONS, §3.12, Instr. 3-12.