UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
|     *Plaintiff*, ) | |
| ) | |
| v. ) | Docket No. 2:18-cr-49 |
| ) | |
| ANGELO PETER EFTHIMIATOS, ) | |
| ) | |
|     *Defendant*. ) | |

**DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE
IRRELEVANT AND PREJUDICIAL EVIDENCE AND REQUEST FOR HEARING**

Angelo Peter Efthimiatos, through his attorney, Craig S. Nolan, Esq., hereby moves *in limine* to preclude the government's anticipated use at trial of the following irrelevant and prejudicial evidence:

1. Mr. Efthimiatos' prior conviction in the United States District Court for the Southern District of Iowa and incarceration for (a) possession with intent to distribute marijuana and (b) conspiracy to manufacture, distribute, and possess with intent to distribute 50 kilograms and more of marijuana;

2. Mr. Efthimiatos' status as a supervised releasee, including any conditions of Mr. Efthimiatos' supervised release or any U.S. Probation Officer action or report with respect to said supervised release;

3. The Drug Enforcement Administration ("DEA") investigation of Mr. Efthimiatos for suspicion of drug possession and/or trafficking; and

4. Mr. Efthimiatos' alleged service as an airman without a certificate prior to April 9, 2018.

In support of this motion, Mr. Efthimiatos relies upon and incorporates the following Memorandum.

## Memorandum

**I.   Introduction.**

As the indictment alleges, this matter involves a single charge – that between on or about April 9, 2018 and on or about April 10, 2018, Mr. Efthimiatos knowingly and willfully served in any capacity as an airman without an airman's certificate authorizing him to serve in that capacity. Despite this single and narrow charge, the government has disclosed hundreds of pages of documents, many of which contain generally cumulative or inconsequential evidence, that simply do not relate to the events that unfolded during April 9 and April 10, 2018 or the underlying allegation. Most of this evidence is immaterial to the charge alleged and holds great potential to prejudice Mr. Efthimiatos' defense.

**II.   Discussion.**

There are four categories of evidence that should be excluded as prejudicial: (1) Mr. Efthimiatos' prior drug conviction and the related incarceration; (2) Mr. Efthimiatos' status as a supervised releasee, including any conditions of Mr. Efthimiatos' supervised release or any U.S. Probation Officer action or report with respect to said supervised release; (3) the DEA investigation of Mr. Efthimiatos for suspicion of drug possession and/or trafficking; and (4) Mr. Efthimiatos' alleged service as an airman without a certificate prior to April 9, 2018.

**A.   Prior Drug Convictions.**

Under Federal Rule of Evidence 403, the court may exclude relevant evidence "if its probative value is substantially outweighed by the danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly

presenting cumulative evidence." Fed. R. Evid. 403.  "Under Rule 404(b)(1), "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." *United States v. Fitzgerald*, No. 5:15-CR-55, 2016 WL 1226696, at *1 (D. Vt. Mar. 23, 2016).  "However, that evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id.* (quoting Fed. R. Evid. 404(b)(2)).  The Second Circuit adheres to the 'inclusionary' approach to "'other crimes, wrongs, or acts' evidence, under which such evidence is admissible unless it is introduced for the sole purpose of showing the defendant's bad character, or unless it is overly prejudicial under Fed. R. Evid. 403 or not relevant under Fed. R. Evid. 402." *United States v. Carlton*, 534 F.3d 97, 101 (2d Cir. 2008) (quoting *United States v. Pascarella*, 84 F.3d 61, 69 (2d Cir.1996)).

Here, it is beyond refute that the portrayal of Mr. Efthimiatos as a felon and convicted drug trafficker who served a sentence of incarceration would prejudice his defense.  Introduction of this evidence by the government would characterize Mr. Efthimiatos in a severely negative light, offer *de minis* (if any) probative value and serve only to divert the jury from the facts material to the alleged violation of 49 U.S.C. § 46306(b)(7).  The current charge (in short, flying without an airman's certificate) is entirely unrelated, far less serious and easily distinguishable from Mr. Efthimiatos' prior conviction for trafficking drugs.  There was no common plan or *modus operandi* between the two, nor a similar intent, motive, or other Fed. R. Evid. 404(b)(2) exception.  For these three reasons, evidence of Mr. Efthimiatos prior conviction and incarceration should be excluded from trial pursuant to Rules 402, 403 and 404(b).

### B. Mr. Efthimiatos' Status As A Supervised Releasee.

"Relevant evidence" is defined as evidence which "has any tendency to make a fact [of consequence in determining the action] more or less probable than it would be without the evidence." Fed. R. Evid. 401. The Court may exclude otherwise relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Mr. Efthimiatos' status as a person under supervised release bears little to no relevance to the government's accusation. There is no condition or component of Mr. Efthimiatos supervised release order that directly addresses either serving as an airman or certification to engage in such conduct. Once again, the prejudicial effect of such evidence is self-evident, parole or supervised release status is a societal stigma that would tarnish Mr. Efthimiatos' character in the eyes of the jury. Admission of Mr. Efthimiatos releasee status does not tend to prove any of the facts or elements material to a 49 U.S.C. § 46306(b)(7) charge and would only result in irreparable prejudice to Mr. Efthimiatos' defense in violation of Rules 402 and 403.

### C. DEA Investigation of Mr. Efthimiatos.

Similar to the law and arguments recited above, evidence that Mr. Efthimiatos was being investigated by the DEA on suspicion of drug trafficking should be excluded due to its prejudicial effect, improper characterization of Mr. Efthimiatos, and likelihood to mislead, confuse or divert the jury as to the matter at issue. Simply put, 49 U.S.C. § 46306(b)(7) is not a drug-related offense; it is a very narrow and specific statute that criminalizes knowingly and willfully serving as an airman without an airman's certificate. Evidence that Mr. Efthimiatos was being investigated by the DEA for drug trafficking would undoubtedly suggest to the jury

that Mr. Efthimiatos is involved in conduct much more nefarious than 49 U.S.C. § 46306(b)(7) encompasses. Evidence that Mr. Efthimiatos is being investigated by the DEA for drug trafficking clearly has no bearing on the law or facts that 49 U.S.C. § 46306(b)(7) contemplates, therefore, this evidence should also be precluded from trial pursuant to Rules 402 and 403.

**D.**  **Mr. Efthimiatos' alleged service as an airman without a certificate prior to April 9, 2018.**

The government's evidence that Mr. Efthimiatos served as an airman without a certificate on dates prior to the single instance of alleged piloting on April 9-10, 2018 charged in the Indictment is barred by Rules 402, 403 and 404(b). The alleged earlier acts are classic propensity evidence for which no Rule 404(b) exception applies. They have no relevance to whether Mr. Efthimiatos knew that his airman's certificate was suspended or revoked as of April 9-10, 2018, or to whether he knew flying without a valid certificate is a violation of law. Further, the acts are highly prejudicial. Consequently, the alleged prior acts must be excluded pursuant to Rules 402, 403 and 404(b).

**III.**  **Conclusion.**

For the foregoing reasons, the Court should exclude the evidence described above.

Dated at Burlington, Vermont, this 21st day of November, 2018.

**ANGELO PETER EFTHIMIATOS**

By:  */s/ Craig S. Nolan*
Craig S. Nolan, Esq.
SHEEHEY FURLONG & BEHM P.C.
30 Main Street, 6th Floor
P.O. Box 66
Burlington, VT 05402-0066
(802) 864-9891
cnolan@sheeheyvt.com

**CERTIFICATE OF SERVICE**

I, Craig S. Nolan, counsel for Angelo Peter Efthimiatos, do hereby certify that on November 21, 2018, I electronically filed with the Clerk of Court the following document:

**DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE
IRRELEVANT AND PREJUDICIAL EVIDENCE AND REQUEST FOR HEARING**

using the CM/ECF system. The CM/ECF system will provide service of such filing via Notice of Electronic Filing (NEF) to the following NEF parties:

    AUSA Eugenia A. Cowles, Esq.
    AUSA Nicole P. Cate, Esq.
    U.S. Attorney's Office
    11 Elmwood Avenue
    P.O. Box 570
    Burlington, VT  05403
    eugenia.cowles@usdoj.gov
    nicole.cate@usdoj.gov

Dated at Burlington, Vermont this 21st day of November, 2018.


                        By:    */s/ Craig S. Nolan*
                               Craig S. Nolan, Esq.
                               SHEEHEY FURLONG & BEHM P.C.
                               30 Main Street, 6th Floor
                               P.O. Box 66
                               Burlington, VT  05402-0066
                               (802) 864-9891
                               cnolan@sheeheyvt.com