UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Crim. No. 2:18-CR-49 |
| | ) |
| ANGELO EFTHIMIATOS, | ) |
| Defendant. | ) |

**GOVERNMENT'S REPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS INDICTMENT WITH PREJUDICE FOR VIOLATION OF THE SPEEDY TRIAL ACT AND REQUEST FOR HEARING**

The United States of America, by and through its attorney, Christina E. Nolan, United States Attorney for the District of Vermont, hereby submits this response in opposition to defendant Efthimiatos's Motion to Dismiss Indictment With Prejudice for Violation of the Speedy Trial Act. The government requests this response be addressed at the scheduled November 29, 2018 motions hearing in this case.

Efthimiatos's Motion to Dismiss hinges on two key, interrelated points: One, the Speedy Trial Act was allegedly violated by the two month delay between voir dire and the commencement of trial because it arose from the court's schedule alone and "no other justification for the delay… has been asserted in this matter;" and Two, any dismissal in this case should be with prejudice because of the hardship this court-based delay imposed on the defendant. Because, however, the delay in this case was assented to and unchallenged by the defense, and facilitated newly appointed defense counsel's trial preparation, the court should deny the motion.

## I. Trial Commences with Voir Dire

The Speedy Trial Act provides that trial "shall commence within seventy days" from the filing of an indictment or a defendant's first appearance on the pending charge, whichever is later[1]. 18 U.S.C. §3161(c)(1). As the Second Circuit has explained, "[t]rial normally 'commences' for purposes of the Act with the voir dire of the jury." United States v. Fox, 788 F.2d 905, 908 (2d Cir. 1986). Opening statements and the presentation of evidence, however, do not have to follow immediately this initiation of trial. In fact, "[a] trial court has 'broad discretion over the trial timetable'" in scheduling its cases. Id. "A reasonable post-voir dire delay does not offend" the purposes of the Speedy Trial Act, United States v. Stayton, 791 F.2d 17, 20 (2d Cir. 1986), such that the "Act is not violated when the jury is selected within the 70 day period but a short recess places the swearing of the jury outside the statutory period," Fox, 788 F.2d at 909. Problems arise only where "the number of days of delay between the voir dire and the actual presentation of the case to a sworn jury cannot be justified in light of the reasons for the delay," Stayton, 791 F.2d at 20, and where such delay "impairs a defendant's ability to make a defense by arbitrarily and substantially delaying the trial," Fox, 788 F.2d at 909. When a defendant has agreed to a trial date, a later claim of a Speedy Trial Act violation may be denied. See, e.g., United States v. White, 571 Fed. Appx. 20, 24 (2d Cir. June 26, 2014)(unpublished)(noting among reasons to deny defendant's claim of a Speedy Trial Act violation that all parties agreed to adjourn jury selection date).

---

[1] In this case, time on the Speedy Trial clock ran during three periods between the defendant's arraignment on the new charge in the Indictment (a different charge than presented in the complaint which had to be dismissed) and voir dire: July 12, 2018 through July 27, 2018 (15 days), July 31, 2018 through August 15, 2018 (14 days), and September 4, 2018 through October 3, 2018 (30 days). Thus, at the time of jury selection, the start of trial as explained above, 11 days remained on the clock.

Where a court finds a Speedy Trial violation, it should dismiss the indictment. 18 U.S.C. § 3162. Such a dismissal may be with or without prejudice, depending on the court's evaluation of: the seriousness of the offense, the facts and circumstances of the case which led to the dismissal, and the impact of a reprosecution on the administration of the Speedy Trial Act and the administration of justice. 18 U.S.C. §3162(a)(2). Notably, a defendant must seek dismissal of an indictment for Speedy Trial Act violations prior to trial. Id. Failure to do so will result in a denial of the motion to dismiss. See, e.g., United States v. Jones, 166 F.3d 1202 (2d Cir. Oct. 29, 1998)(unpublished) (affirming denial of defendant's motion to dismiss for speedy trial act violation where defendant did not seek dismissal until after completion of jury voir dire).

## II. The Parties Agreed to the Delay Between Trial and Voir Dire

Contrary to Efthimiatos's assertion that the delay between voir dire and trial in this case is "exclusively attributable" to the court, at least as early as the beginning of September 2018, the parties contemplated that jury selection and trial would be separated by a period of time. At a hearing on September 4, 2018, the Court granted Efthimiatos's request for new counsel and notified parties that the Court would be considering a jury draw on October 2, 2018, a necessary continuance from the previously scheduled September 11, 2018 trial date both requested by the defendant and necessitated by his change in counsel. See Def. Ex. A at 4. Almost immediately thereafter, Efthimiatos's current counsel was contacted by the court regarding entering the case. See Def. Ex. B. As further demonstrated in the portion of the email correspondence included by Efthimiatos, the court then suggested an early October jury draw (adjusted for defense counsel's schedule) to be followed by trial on November 26, 2018. As the more complete email exchange attached here shows, however, defense counsel then suggested the December 5, 2018 trial to accommodate his prior commitment to a state court trial scheduled from November 26-30, 2018. See Ex. A.

Correspondence regarding the jury draw and trial dates did not end after the defense proposed the December 5, 2018 date. As shown in the emails included as Exhibit B, on September 15, 2018, defense counsel requested the government's agreement to a continuance under the Speedy Trial Act to postpone the jury draw until closer to the December 5, 2018 trial date to allow the defense "sufficient time to investigate potential motions, consider the government's offer and prepare [a] defense." The government agreed, noting the defendant's objection to prior continuances had created the need for an immediate jury draw. Defense counsel persisted in his pursuit of a continuance, informing the government and court personnel again on September 26, 2018, days before the scheduled jury draw, that he anticipated filing a continuance motion in the next day or two. Only on Sunday, September 30, three days before the draw, did the defense change tactics and decide to proceed with the scheduled voir dire.

This change in stance reflected a change in defense tactics. Following the email exchanges included here, on the evening of Friday, September 27, defense counsel spoke to the prosecutor at home in the evening regarding the possible structure of a motion to continue. During that fourteen minute conversation, the government again agreed not to oppose a motion to continue to allow the defense time to prepare, and advised defense counsel that if the case continued, the government would likely supersede the pending indictment to add additional charges related to Efthimiatos's flying without a valid airman's certificate on additional days. Shortly after this disclosure, the defendant changed his stance and decided to proceed with the October jury selection.

This case is thus distinguishable from those on which the defendant relies in which the period between jury selection and trial reflected only the court's scheduling conflicts and, as such, "impaired a defendant's ability to make a defense." Fox, 788 F.2d at 909. Here, newly appointed defense counsel sought time between jury selection and trial to allow him to prepare

4

his case for trial. In fact, he repeatedly sought agreement from the government for a continuance under the Speedy Trial Act to facilitate such preparations. While his decision to move forward with jury selection may have reflected the defendant's change of heart, it may also have revealed a strategic choice to forestall further government charges by selecting the jury for the present charge, while still allowing his counsel preparation time under the court's proposed schedule. Efthimiatos's agreement to the schedule, and, in fact, his strategic use of it, negates any attempt to claim a Speedy Trial Act violation now. See White, 571 Fed. Appx. at 24.

Further, Efthimiatos's challenge to the Speedy Trial Act issues implicit in the two-month period between voir dire and the commencement of trial arguably is waived by his failure to raise the issue before trial. See Jones, 166 F.3d at *1. Given his knowledge of the proposed schedule since early September 2018, any argument Efthimiatos was not aware of the issue, and was therefore unable to challenge it, until now fails.

### III.     Any Dismissal Should be Without Prejudice

While the government believes the defendant's motion to dismiss should be denied, should the court entertain the Speedy Trial arguments, any dismissal should be without prejudice. Contrary to Efthimiatos's assessment, a review of the factors under 18 U.S.C. §3162(a)(2) weighs in favor of dismissal without prejudice in this case. The offense, while simple, is serious. The defendant flew without a required airman's certificate, violating not only federal criminal law, but also his supervised release conditions. Because his license was not valid, he had not filed the required medical certificate that would have revealed whether he was physically fit to fly. As such, he posed a serious risk to the public. Second, as set forth above, the circumstances of any violation in this case suggest the defendant was aware of, and in support of, the timetable set forth by the court. Thus, punishing the public by dismissing the case with prejudice would sanction behavior the defendant himself endorsed. Third, dismissal of the case

with prejudice would fail in the administration of justice. While the defendant would still face supervised release violations in Iowa related to his conduct (both for leaving the state and for flying in violation of law), the court in Iowa would have to determine facts pertinent to the violations that would otherwise be collected by the Vermont court hearing the case. The burden there would be greater because of the distance between witnesses and the court making the determination. Thus, the administration of justice will be swifter if the case can be tried in Vermont, even if the government must refile its charges.

IV. Conclusion

For these reasons set forth above, the defendant's motion to dismiss for violation of the Speedy Trial Act should be denied, or any dismissal should be without prejudice.

Dated at Burlington, this 28th day of November 2018.

                                              UNITED STATES OF AMERICA

                                              CHRISTINA E. NOLAN
                                              United States Attorney

By:    */s/ Nicole P. Cate*
        NICOLE P. CATE
        Assistant United States Attorney

        */s/ Eugenia A. P. Cowles*
        EUGENIA A.P. COWLES
        Assistant United States Attorney
        United States Attorney's Office
        District of Vermont
        PO Box 570
        Burlington, VT 05401
        (802) 951-6725

CERTIFICATE OF SERVICE

I, Katherine Whalen, Assistant U.S. Attorney, do hereby certify that on November 28, 2018, I filed the GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS INDICTMENT WITH PREJUDICE FOR VIOLATION OF THE SPEEDY TRIAL ACT AND REQUEST FOR HEARING with the Clerk of the Court using the CM/ECF system. The CM/ECF system will provide service of such filing via Notice of Electronic (NEF) to the following NEF party:

Craig S. Nolan, Esq.

Dated at Burlington, Vermont this 28th day of November, 2018.

By: */s/ Katherine Whalen*
Katherine Whalen
Paralegal Specialist
U.S. Attorney's Office
P.O. Box 570
Burlington, VT 05402
(802) 951-6725