UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Crim. No. 2:18-CR-49 |
| | ) | |
| ANGELO EFTHIMIATOS, | ) | |
| Defendant. | ) | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE IRRELEVANT AND
PREJUDICIAL EVIDENCE AND REQUEST FOR HEARING**

The United States of America, by and through its attorney, Christina E. Nolan, United States Attorney for the District of Vermont, hereby submits this response in opposition to defendant Efthimiatos's Motion *in Limine* to Exclude Irrelevant and Prejudicial Evidence and Request for a Hearing (ECF 55).

Efthimiatos moves to preclude the government from introducing four categories of evidence at trial: evidence of Efthimiatos's prior controlled substances convictions, evidence of Efthimiatos's status as a supervised releasee, evidence of the Drug Enforcement Administration ("DEA") investigation of Efthimiatos for suspected drug offenses, and evidence of Efthimiatos's service as an airman without a certificate prior to the charged flight.  Efthimiatos asserts that this evidence is irrelevant and/or prejudicial.  While the admissibility of evidence will turn in part on any facts or arguments the defendant sets forth at trial, the government's current responses regarding each challenged category of evidence are set forth below.

I.    **EFTHIMIATOS'S PRIOR CONVICTIONS AND INCARCERATION FOR
CONTROLLED SUBSTANCE OFFENSES.**

Efthimiatos moves to exclude evidence of his prior drug convictions and incarceration as prejudicial under Federal Rules of Evidence 403 and 404(b).  At this point, the government does

not intend to introduce evidence of the defendant's prior drug convictions, the facts underlying the convictions, or the defendant's incarceration.  If, however, the defendant raises facts or arguments at trial that shift the analysis with respect to probative value versus unfair prejudice, the government may seek to admit some evidence concerning these topics.  To the extent that the government does seek to introduce such evidence, the applicable analysis is under Rule 403, not Rule 404(b).

Federal Rule of Evidence 403 permits courts to "exclude relevant evidence if its probative value is *substantially outweighed* by a danger of . . . unfair prejudice" (emphasis added).  "All evidence introduced against a defendant, if material to an issue in the case, tends to prove guilt, but is not necessarily prejudicial in any sense that matters to the rules of evidence . . . .  Evidence is prejudicial only when it tends to have some adverse effect upon a defendant beyond tending to prove the fact or issue that justified its admission into evidence." *United States v. Figueroa*, 618 F.2d 934, 943 (2d Cir. 1980) (citing *United States v. Briggs*, 457 F.2d 908, 911 (2d Cir. 1972), cert. denied, 409 U.S. 986, (1972)).

Critically, the term "unfair prejudice" does not mean "*any* prejudice."  Rather, a court must determine the degree to which proffered evidence is prejudicial and balance it against the probative value of the evidence.  "When material evidence has an additional prejudicial effect, Rule 403 requires the trial court to make a conscientious assessment of whether the probative value of the evidence on a disputed issue in the case is substantially outweighed by the prejudicial tendency of the evidence to have some other adverse effect upon the defendant."  *Id.*  A court's cautionary instruction may properly cure any undue prejudice by "limit[ing] the jury's consideration of the evidence to the purpose for which it is admissible."  *Id.* (noting that this is not a cure-all).

Depending on what facts or arguments the defendant asserts at trial, the probative value of the defendant's prior convictions and his incarceration may not be "substantially outweighed" by a danger of unfair prejudice under the Rule 403 analysis.

Evidence of the prior convictions and incarceration would not constitute the type of extrinsic "evidence of a crime, wrong, or other act" governed by Rule 404(b).  To the contrary, the Second Circuit has "emphasized that evidence of criminal behavior may be admissible as direct evidence of a crime charged 'if it arose out of the same transaction or series of transactions as the charged offense, if it is inextricably intertwined with the evidence regarding the charged offense, or if it is necessary to complete the story of the crime on trial." *United States v. Hsu*, 669 F.3d 112, 118 (2d Cir. 2012) (quoting *United States v. Carboni*, 204 F.3d 39, 44 (2d Cir. 2000)) (rejecting defendant's Rule 404(b) challenge to evidence of other crimes, prior conviction, and arrest); *see also United States v. Gonzalez*, 110 F.3d 936, 942 (2d Cir. 1997) (rejecting 404(b) claim because evidence of attempted burglary near location of felon in possession offense was not "other crimes" evidence); *United States v. Jackson*, 47 Fed. App'x 36 (2d Cir. 2002) (holding that flyer showing defendant was wanted in connection with prior shooting incident admissible background evidence in felon in possession trial); *cf. United States v. Williams*, 585 F.3d 703 (2d Cir. 2009) (finding evidence from apartment search inadmissible as background evidence where "[f]ailing to detail the contents of the apartment would not have left any gaps in the Government's case, nor have left the jury wondering about missing pieces of the story").

Moreover, even if evidence of Efthimiatos's prior crime and incarceration is deemed extrinsic, it is nonetheless admissible under Rule 404(b) to prove the defendant's intent and knowledge, among other reasons.

3

As noted in the government's Motion *in Limine* and Request for a Hearing (ECF 49; hereinafter "Government's Motion *in Limine*"), the records concerning the revocation of the defendant's airman's certificate contain numerous references to his drug convictions and incarceration.  In order to navigate the references to these topics in anticipated trial exhibits, the government has conferred with defense counsel and expects to have an agreed-upon set of redacted and excerpted exhibits in advance of trial.

## II.     EFTHIMIATOS'S STATUS AS A SUPERVISED RELEASEE.

The government does not anticipate introducing evidence of Efthimiatos's supervised release status at trial, unless the defendant raises issues that impact its relevance and probative value.

## III.    THE DRUG ENFORCEMENT ADMINISTRATION INVESTIGATION OF EFTHIMIATOS.

The government does not anticipate seeking to introduce evidence of the DEA investigation into Efthimiatos.  As explained in the Government's Motion *in Limine*, the government simply seeks to allow the DEA agents to testify truthfully with respect to their employing agency, and would not object to a limiting instruction.

## IV.    EFTHIMIATOS'S SERVICE AS AN AIRMAN WITHOUT AN AIRMAN'S CERTIFICATE PRIOR TO THE CHARGED FLIGHT.

As set forth in the Government's Motion *in Limine*, evidence of the defendant's flights prior to April 9, 2018 is admissible under Rule 404(b) to show Efthimiatos's intent, knowledge, motive, absence of mistake or accident, and *modus operandi*.

## V.     CONCLUSION

For the reasons set forth above and in the Government's Motion *in Limine*, the government respectfully requests that the court permit introduction of evidence of the employing agency of the DEA agents and of Efthimiatos's service of an airman prior to the charged flight.

If at trial the defendant raises facts or arguments bearing on the admissibility of his prior convictions, incarceration, and status as a supervised releasee, the government may then request that the court permit the introduction of such evidence.

Dated at Burlington, this 28th day of November, 2018.

UNITED STATES OF AMERICA

CHRISTINA E. NOLAN
United States Attorney

By:    /s/ Nicole P. Cate
       NICOLE P. CATE
       Assistant United States Attorney

       /s/ Eugenia A. P. Cowles
       EUGENIA A.P. COWLES
       Assistant United States Attorney
       United States Attorney's Office
       District of Vermont
       PO Box 570
       Burlington, VT
       (802) 951-6725

## CERTIFICATE OF SERVICE

I, Katherine Whalen, Paralegal Specialist, do hereby certify that on November 28, 2018, I filed the GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE IRRELEVANT AND PREJUDICIAL EVIDENCE AND REQUEST FOR HEARING with the Clerk of the Court using the CM/ECF system.  The CM/ECF system will provide service of such filing via Notice of Electronic (NEF) to the following NEF party:

Craig S. Nolan, Esq.

Dated at Burlington, Vermont this 28th day of November, 2018.


By:      *Katherine Whalen*
            Katherine Whalen
            Paralegal Specialist
            U.S. Attorney's Office
            P.O. Box 570
            Burlington, VT 05402
            (802) 951-6725
            Katherine.Whalen@usdoj.gov