UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 2:18-cr-49 |
| | ) | |
| ANGELO PETER EFTHIMIATOS | ) | |

## NUNC PRO TUNC ORDER PROVIDING GROUNDS FOR GRANTING DEFENDANT'S UNOPPOSED MOTION TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT AND FOR LEAVE TO EXTEND TIME FOR PRETRIAL MOTIONS
(Doc. 21)

The court issues this Order *sua sponte* to provide the grounds for its Speedy Trial Act exclusion granted on August 17, 2018.

This matter was set for a jury trial on September 11-14, 2018. On August 15, 2018, Defendant filed an unopposed motion to continue the trial date. In seeking a continuance of the trial date, Defendant also asked for a new pretrial motions deadline which had expired on July 11, 2018. He further asked for leave to file pretrial motions, but did not seek a specific timeframe within which to do so. Defendant's counsel stated in writing that he had consulted with his client and that Defendant agreed to have the time between August 15, 2018, the date of his motion, and the new trial date excluded from computation under the Speedy Trial Act. *See* Doc. 21 at 3 (stating "Mr. Efthimiatos agrees time should be excluded under the Speedy Trial Act" and that Defendant "moves the Court for an order that [the] time between now and any new trial date be excluded from computation under the Speedy Trial Act. Such exclusion is warranted because the ends of justice outweigh the best interest of the public and the defendant in a speedy trial. Such time also would give counsel for the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.") (citations and emphasis omitted).

Each of Defendant's requests was granted in a text Order dated August 17, 2018. The court should have, but did not, require Defendant to comply with its Local Rules and submit a separate proposed Order. *See* Local Rule 16(g)(2) (requiring counsel to "submit a proposed order stating the time to be excluded and the basis for the exclusion."). In the absence of a proposed Order, the court should have drafted its own Order explaining its reasons for granting Defendant's unopposed requests. Its failure to do so was inadvertent. To rectify this error, the court now sets forth those reasons, *nunc pro tunc*.

Pursuant to 18 U.S.C. § 3161(h)(7)(A), the court finds that the ends of justice are best served by granting an extension of time and outweigh the interest of Defendant and the public in a speedy trial. Defendant's request to continue the trial so that he could file pretrial motions was a reasonable one, albeit untimely. On September 4, 2018, he asked for and obtained new counsel who chose to pursue pretrial motions as a trial strategy and to seek suppression of certain statements he made before and after his arrest. Because the court inadvertently did not set a new deadline for Defendant's pretrial motions, Defendant had until October 3, 2018, the commencement of his re-scheduled trial, to do so. *See* Fed. R. Crim. P. 12(b)(3) (listing "motions that must be made before trial[,]" including "a violation of the constitutional right to a speedy trial" and "suppression of evidence") (emphasis and capitalization omitted). Defendant did not file his suppression motion by this deadline, but instead filed it on November 21, 2018 after his trial had commenced and after a preliminary charge conference had taken place. The government submitted a prompt response on November 28, 2018 and the court held an expedited evidentiary hearing on Defendant's suppression motion on November 29, 2018. The court excused Defendant's untimely filing. Defendant's motion to suppress is currently under advisement.

It is FURTHER ORDERED that the period of delay resulting from the extension of time shall be excluded in computing the time in which the trial in this case must commence pursuant to the Speedy Trial Act and this District's Plan for Prompt Disposition of Criminal Cases. Denial of an extension of time would deny Defendant, exercising due diligence, reasonable time necessary for adequate preparation. The time

to be excluded as directed above commenced on August 17, 2018 and continued through commencement of trial on October 3, 2018.

This Order shall be temporarily sealed so that it is unavailable to the public during the pendency of Defendant's trial. The court finds that the public's interest in an unsealed Order is substantially outweighed by the need to preserve the presumption of innocence.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 3rd day of December, 2018.

Christina Reiss, District Judge
United States District Court