UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) Docket No. 2:18-cr-49 |
| | ) |
| ANGELO PETER EFTHIMIATOS, | ) |
| | ) |
| *Defendant*. | ) |

## CONDITIONALLY UNOPPOSED MOTION TO RECONSIDER DETENTION ORDER

Angelo Peter Efthimiatos, through his attorney, Craig S. Nolan, Esq., respectfully requests that this Court vacate the detention order and release him on reasonable conditions so that he may appear in the Southern District of Iowa for a final hearing on a petition alleging violations of supervised release arising out of the same conduct that formed the basis for the charge tried in this matter on December 5-6, 2018.  An initial appearance on that petition is scheduled for 11:00 am, December 20, 2018, before United States Magistrate Judge John M. Conroy in docket no. 2:18-cr-136-1.  Earlier today Mr. Efthimiatos moved to continue the sentencing in the instant prosecution to on or about February 12, 2019, and that Motion has been granted.[1]

After the return of a guilty verdict on December 6, 2018, the Court scheduled an expedited sentencing hearing for December 20, 2018.  At least in part the expedited scheduling was ordered based on the parties' original estimates of a Sentencing Guidelines range of 2-8 months and the fact that Mr. Efthimiatos has been detained since April 10, 2018—a period of more than 8 months at this point.  Last week, the United States Probation Office provided the

---

[1] Mr. Efthimiatos appreciates the Court's willingness to sentence him on an expedited basis.  Unfortunately, pronouncing sentence prior to resolution of post-trial motions could potentially be construed as a waiver of some grounds for appeal.  Post-trial motions are due by January 7, 2019.  Mr. Efthimiatos desires to preserve all grounds for appeal.

parties with a guidelines analysis that produced a range of 10-16 months. Discussion of the USPO analysis between the government and the defense reveals that the government agrees with the analysis while the defense believes the original estimate of 2-8 months is correct.

As a result of the guidelines dispute, Mr. Efthimiatos seeks to immediately resolve the alleged violations of supervised release filed in the Southern District of Iowa while post-trial motions are resolved and sentencing memoranda are filed in this District. The goal is to avoid inadvertently causing a longer period of incarceration that would otherwise occur if he were released on conditions in the instant matter. The interplay of the dueling guidelines estimates and the eventual analysis by the Bureau of Prisons regarding the award and allocation of credit for time detained makes release in this matter the only option for avoiding prejudice.

At the December 20, 2018 initial appearance on supervised release violation petition, Mr. Efthimiatos will request release and a report date in early to mid-January 2019 for a final hearing in the Southern District of Iowa. Despite the issuance of a new arrest warrant on November 28, 2018 in the violation matter accompanied by a text order by United States District Judge Stephanie M. Rose of the Southern District of Iowa purporting to direct that "[n]o bond shall issue on new arrest," *United States v. Efthimiatos*, 3:13-cr-15, Doc. 306 (S.D. Iowa Nov. 11, 2018), the authority to detain or release on conditions rests with this Court at the initial appearance, *see* Fed. R. Crim. P. 32.1(a)(6) ("The magistrate judge may release or detain the person under 18 U.S.C. §3143(a)(1) pending further proceedings. The burden of establishing by

clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the person.").[2]

Release in both the instant case and the Southern District of Iowa matter is appropriate. Mr. Efthimiatos is neither a risk of flight nor a danger to any other person or the community. Motions for review of detention filed in July and November 2018 articulate numerous reasons why release on conditions is appropriate. Among the reasons currently applicable are that Mr. Efthimiatos reported as directed for a supervised release violation hearing in the Southern District of Iowa in January 2018; the health and financial circumstances of Mr. Efthimiatos' wife have not improved; Mr. Efthimiatos' house remains in an unrepaired condition that is expected to imminently trigger a cancelation of homeowner's insurance and as a result default on the mortgage; Mr. Efthimiatos' eight-year-old daughter just broke her leg; Mr. Efthimiatos has many thousands of dollars worth of tools and equipment in a hangar at the Rutland airport that must be removed, and his family does not have the means to pay someone else to move the items; and

---

[2] The structure of Rule 32.1 makes clear that subsection (a)(6) pertaining to release or detention applies with equal force to subsection (a)(4) governing initial appearance in a district with jurisdiction over the violation and subsection (a)(5) governing appearance in a district lacking jurisdiction over the violation. Furthermore, the history of subsection (a)(6) as described in the Advisory Committee Notes to Rules 32.1, 40 and 46 confirm the authority of this Court to release on conditions a supervisory releasee from another district. *See* Rule 32.1, 2002 Advisory Committee Notes (subsection (a)(6) "is derived from [then-]current Rule 46(c)); Fed. R. Crim. P. 40, 1994 Advisory Committee Notes ("The amendment to subdivision (d) is intended to clarify the authority of a magistrate judge to set conditions of release in those cases where a probationer or supervised releasee is arrested in a district other than the district having jurisdiction. As written, there appeared to be a gap in Rule 40, especially under (d)(1) where the alleged violation occurs in a jurisdiction other than the district having jurisdiction. . . Rule 32.1 provides guidance on proceedings involving revocation of probation or supervised release. In particular, Rule 32.1(a)(1) recognizes that when a person is held in custody on the ground that the person violated a condition of probation or supervised release, the judge or United States magistrate judge may release the person under Rule 46(c), pending the revocation proceeding. But no other explicit reference is made in Rule 32.1 to the authority of a judge or magistrate judge to determine conditions of release for a probationer or supervised releasee who is arrested in a district other than the district having jurisdiction. . . The amendment recognizes that a judge or magistrate judge considering the case of a probationer or supervised releasee under Rule 40(d) has the same authority vis a vis decisions regarding custody as a judge or magistrate judge proceeding under Rule 32.1(a)(1). Thus, regardless of the ultimate disposition of an arrested probationer or supervised releasee under Rule 40(d), a judge or magistrate judge acting under that rule may rely upon Rule 46(c) in determining whether custody should be continued and if not, what conditions, if any, should be placed upon the person."); *see also* Benchbook for U.S. District Court Judges at 20, § 1.05(B) ("Arrest of a probationer or a supervised releasee in a district other than the district of supervision (Fed. R. Crim. P. 32.1(a)(5)"), Note (6th ed., Mar. 2013) ("An amendment to Fed. R. Crim. P. 40(a), effective December 1, 2006, specifically authorizes magistrate judges to set release conditions for persons arrested under a warrant issued in another district for violating conditions of release set in that district.").

Mr. Efthimiatos needs to collect electronic evidence at his home for his defense in the supervised release violation matter.

Undersigned counsel has conferred with Assistant United States Attorney Eugenia Cowles, who indicated that the government does not oppose release in the instant action or transfer to the Southern District of Iowa as long as Mr. Efthimiatos is detained and removed in the Southern District of Iowa matter. Therefore, the government's non-opposition is conditional. As noted above, Mr. Efthimiatos seeks release in both matters.

For the foregoing reasons, Mr. Efthimiatos respectfully asks that this Court vacate its detention order and instead impose conditions of release that would reasonably assure his appearance at sentencing and at a final hearing on the alleged violation of supervised release in the Southern District of Iowa.

Dated at Burlington, Vermont, this 19th day of December, 2018.

**ANGELO PETER EFTHIMIATOS**

By: */s/ Craig S. Nolan*
Craig S. Nolan, Esq.
SHEEHEY FURLONG & BEHM P.C.
30 Main Street, 6th Floor
P.O. Box 66
Burlington, VT 05402-0066
(802) 864-9891
cnolan@sheeheyvt.com

## CERTIFICATE OF SERVICE

I, Craig S. Nolan, counsel for Angelo Peter Efthimiatos, do hereby certify that on December 19, 2018, I electronically filed with the Clerk of Court the following document:

**CONDITIONALLY UNOPPOSED MOTION TO RECONSIDER DETENTION ORDER**

using the CM/ECF system. The CM/ECF system will provide service of such filing via Notice of Electronic Filing (NEF) to the following NEF parties:

    AUSA Eugenia A. Cowles, Esq.
    AUSA Nicole Cate, Esq.
    U.S. Attorney's Office
    11 Elmwood Avenue
    P.O. Box 570
    Burlington, VT  05403
    eugenia.cowles@usdoj.gov
    nicole.cate@usdoj.gov

Dated at Burlington, Vermont this 19th day of December, 2018.

**ANGELO PETER EFTHIMIATOS**

By: */s/ Craig S. Nolan*
    Craig S. Nolan, Esq.
    SHEEHEY FURLONG & BEHM P.C.
    30 Main Street, 6th Floor
    P.O. Box 66
    Burlington, VT  05402-0066
    (802) 864-9891
    cnolan@sheeheyvt.com