UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Crim. No. 2:18-CR-49 |
| | ) | |
| ANGELO EFTHIMIATOS, | ) | |
| Defendant. | ) | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL
OR IN THE ALTERNATIVE FOR NEW TRIAL**

The United States of America, by and through its attorney, Christina E. Nolan, United States Attorney for the District of Vermont, hereby submits this response in opposition to defendant Efthimiatos' Motion for Judgment of Acquittal or in the Alternative for a New Trial (Doc. 90). For the reasons set forth below, the Court should deny the defendant's motion.

I.      **BACKGROUND**

On December 6, 2017, following a trial where the government called six witnesses and introduced into evidence twenty-one exhibits, a jury convicted the defendant of the sole count alleged in the Indictment: knowingly and willfully piloting an aircraft without an airman's certificate, in violation of 49 U.S.C. § 46306(b)(7). The charged airplane flight was from Nantucket, Massachusetts to Rutland Airport in North Clarendon, Vermont on April 9 and 10, 2018. The parties agree that the elements of the offense are that (1) the defendant served as an airman in any capacity; (2) at the time the defendant served as an airman, he did not possess an airman's certificate authorizing him to serve in that capacity; (3) the defendant acted knowingly and willfully; and (4) the aircraft was not being used to provide air transportation.

The defendant now urges the Court to set aside the jury verdict and enter a judgment of acquittal pursuant to Fed. R. Crim. P. 29, or, in the alternative, grant a new trial pursuant to Fed.

R. Crim. P. 33.  The defendant asserts three bases for this motion: first, that the government failed to prove that Efthimiatos' conduct was "willful" because such proof would require showing that he knew he was breaking a criminal law; second, that the government failed to prove that the flight in question was not in air transportation; and third, that the government failed to prove that Efthimiatos knew that his airman's certificate had been suspended.  The defendant, however, fails to demonstrate that no rational jury, given the totality of the evidence, could have found guilt beyond a reasonable doubt, *United States v. Facen*, 812 F.3d 280, 286 (2d Cir. 2016); nor does defendant demonstrate any "real concern that an innocent person may have been convicted," *United States v. Aguiar*, 737 F.3d 251, 264 (2d Cir. 2013), *cert. denied*, 135 S. Ct. 400 (2014).

## II.   LEGAL STANDARDS

Rule 29(c) allows a defendant to move, after the jury's verdict, "for a judgment of acquittal" based on insufficiency of evidence.  In contesting the sufficiency of the evidence, a defendant "faces an uphill battle, and bears a very heavy burden[.]" *United States v. Mi Sun Cho*, 713 F.3d 716, 720 (2d Cir. 2013) (internal quotations omitted); *see also*, *e.g.*, *United States v. LaSpina*, 299 F.3d 165, 180 (2d Cir. 2002).  Courts "must view the evidence in the light most favorable to the government, crediting every inference that could have been drawn in the government's favor, and deferring to the jury's assessment of witness credibility and its assessment of the weight of the evidence." *United States v. Coplan*, 703 F.3d 46, 62 (2d Cir. 2012).  "The jury may base its verdict entirely on inferences from circumstantial evidence," and the evidence "need not have excluded every possible hypothesis of innocence." *United States v. Oguns*, 921 F.2d 442, 449 (2d Cir. 1990) (internal quotations omitted).  Moreover, the reviewing court must "consider the evidence in its totality, not in isolation." *United States v. Autuori*, 212, F.3d 105, 114 (2d Cir. 2000).  It "may set aside the jury's verdict on the ground of insufficient

evidence *only if* no rational trier of fact could have agreed with the jury." *Cavazos v. Smith*, 132 S. Ct. 2, 2 (2011) (emphasis added).

Rule 33(a) states that the Court "may . . . grant a new trial if the interest of justice so requires." In deciding a Rule 33 motion, the court "must examine the entire case, take into account all facts and circumstances, and make an objective evaluation." *United States v. Ferguson*, 246 F.3d 129, 134 (2d Cir. 2001). "The trial court must be satisfied that 'competent, satisfactory and sufficient evidence' in the record supports the jury verdict." *Id.* (quoting *United States v. Sanchez*, 969 F.2d 1409, 1414 (2d Cir. 1992)). The court must also "strike a balance between weighing the evidence and credibility of witnesses and not wholly usurp[ing] the role of the jury." *Id.* at 133. Generally, the court must "defer to the jury's resolution of conflicting evidence and assessment of witness credibility[.]" *Id.* "The ultimate test . . . is whether letting a guilty verdict stand would be a manifest injustice." *Id.* at 134. To grant the motion, "[t]here must be a real concern that an innocent person may have been convicted" and that letting a guilty verdict stand would be a "manifest injustice." *Aguiar*, 737 F.3d at 264. Trial courts should exercise Rule 33 authority "sparingly" and only in "the most extraordinary circumstances." *Ferguson*, 246 F.3d at 134 (quoting *Sanchez*, 969 F.2d at 414).

## III.  SUFFICIENT EVIDENCE SUPPORTS THE JURY'S DETERMINATION THAT EFTHIMIATOS ACTED KNOWINGLY AND WILLFULLY.

Efthimiatos' first and third bases for his motion both involve the *mens rea* element of the offense: that the defendant acted knowingly and willfully. Because the jury was properly instructed on this element, and because the evidence was overwhelming to support the jury's determination that the element was satisfied, neither a judgment of acquittal nor a new trial is warranted on this basis.

## A.    Efthimiatos Acted Willfully Because He Knew That His Conduct Was Unlawful.

Efthimiatos argues that acting "willfully" requires acting with knowledge that conduct is criminal.  The Court ruled on the applicable legal standard for willfulness in the context of a violation of 49 U.S.C. § 46306(b)(7) after briefing and argument from the parties, finding that:

> A person acts "willfully" if he acts with knowledge that one's conduct is unlawful and with the intent to do something the law forbids, that is to say with the bad purpose to disobey or to disregard the law.  The government does not have to prove the defendant knew that criminal law prohibited his actions.  A person's conduct is not "willful" if it was due to negligence, inadvertence, or mistake.

Jury Charge at 10-11 (Doc. 71).  The government agrees with the Court's description of "willfulness" in this case and incorporates prior government arguments on this point.  In sum, the cases cited by the defendant in support of the proposition that willfulness requires proof of the defendant's knowledge that his conduct was criminal are inapposite; they address highly complex or technical statutes that present the danger of ensnaring individuals engaged in apparently innocent conduct.  *Bryan v. United States*, 524 U.S. 184, 194-54 (1998).  Moreover, the Ninth Circuit has specifically considered the meaning of "willful" in the context of Efthimiatos' offense, 49 U.S.C. § 46306(b)(7), and held that conduct may be willful even if defendant subjectively believes that his conduct was non-criminal.  *United States v. Atkinson*, 232 F.3d 897 (9th Cir. 2000) (unpublished) ("The violation for which Atkinson was convicted – serving as an airman without a proper certificate – does not involve highly technical FAA regulations which might 'ensnare individuals engaged in apparently innocent conduct.").

The defendant's motion rightly does not challenge the sufficiency of the evidence regarding Efthimiatos' knowledge that his conduct was unlawful because the evidence is obvious: the jury heard Efthimiatos' recorded statements that he thought flying while he his license was revoked would be a "civil penalty, at worst" (Ex. 70) and would result in a $1000

4

fine (Ex. 71).  After the defendant told Agent Brandon Hope "everything I'm doing is legit," Agent Hope responded "except for flying," and the defendant admitted "okay, except for flying." (Ex. 70).

### B. Overwhelming Evidence Supports the Jury's Determination that Efthimiatos Knew His Airman's Certificate Had Been Suspended.

Efthimiatos' assertion that the government failed to prove beyond a reasonable doubt that he knew his airman's certificate had been suspended is belied by an immense quantity of evidence presented to the jury at trial.  Agent Kevin Kadish testified that when Efthimiatos believed that law enforcement was contacting the FAA, he admitted that something "funny" happened with his license and he had a lawyer working on it (Trial Tr. vol. 1, 44-45).  In addition, Efthimiatos' own recorded statements constitute compelling evidence of his knowledge that he did not have a valid airman's certificate, including the following admissions:

- "I had my license revoked" (Ex. 70);

- His wife received the letter of revocation (Ex. 70);

- He hired an attorney regarding the revocation (Ex. 70);

- The revocation was done "through a Summary Judgment" (Ex. 70), which is a reference to the National Transportation and Safety Board (NTSB) Order Granting Administrator's Motion for Summary Judgment (Ex. 11A) affirming the FAA's revocation;

- He had a detailed understanding of FAA licensure levels (Ex. 71); and

- He told Bob Walsh that he was "working" on getting his license reinstated and taken care of so he could fly by summer (Ex. 71).

Moreover, FAA witness James Tegtmeier testified that pilots are required to file medical certificates with the FAA, such certificates are valid for no more than five years, and Efthimiatos had not filed a medical certificate since 2011 (Trial Tr. vol. 1, 149-51, 160).  A jury could reasonably infer that Efthimiatos' failure to file required medical certificates evidences

knowledge that he did not have a valid airman's certificate.  As Efthimiatos points out in his motion, numerous additional exhibits also support the jury's conclusion that Efthimiatos acted knowingly, including:

- A certified mail proof of service (Ex. 03) for the FAA's Notice of Proposed Certificate Action (Ex. 02A);

- An unsigned certified mail receipt (Ex. 06) – about which Mr. Tegtmeier testified that its presence in the FAA's enforcement file indicates that the mail had been delivered (Trial Tr. vol. 1, 137) – and FedEx airbill and proof of delivery (Ex. 07) for the Order of Revocation (Ex. 05A); and

- A Notice of Appeal filed by Efthimiatos' wife on his behalf (Ex. 09A).[1]

Taken together, the evidence of Efthimiatos' knowledge that his airman's certificate was revoked is overwhelming.

Efthimiatos' motion also suggests that insufficient evidence exists to support the jury's determination that the second element of the offense – that his airman's certificate was suspended at the time of the charged flight – was satisfied.  The record is replete, however, with evidence establishing this element, including testimony from Federal Aviation Administration (FAA) witness James Tegtmeier, the Order of Revocation itself (Ex. 05A), the NTSB Order Granting Administrator's Motion for Summary Judgment (Ex. 11A), the defendant's presentation of the revoked license (Ex. 55) to law enforcement when confronted, and the defendant's own admissions about his airman's certificate, discussed above.  Any suggestion of uncertainty about the revocation based on information on the FAA's public website or because

---

[1] The Court properly held that the Notice of Appeal was both admissible as nonhearsay offered to show the defendant's knowledge of the facts, and also admissible under the public records exception.  However, even if this document was improperly admitted, the remaining evidence of Efthimiatos' knowledge of the certificate revocation is more than sufficient to support the jury's decision.  Further, even if the document was improperly admitted and the remaining evidence was insufficient, appropriate remedy would be to grant the defendant a new trial, rather than a judgment of acquittal.  *See*, *e.g.*, *United States v. Hardwick*, 523 F.3d 94, 101 (2d Cir. 2008) (citations omitted).

the defendant had multiple flight certificates was eliminated by, among other things, the testimony of FAA witness Carla Colwell and internal FAA records admitted by Efthimiatos (Ex. C1).

## IV.   AMPLE EVIDENCE SUPPORTS THE JURY'S DETERMINATION THAT THE FLIGHT WAS NOT IN AIR TRANSPORTATION.

The fourth element of the offense requires the government to prove that during the flight alleged in the indictment, the aircraft was not being used to transport mail and not being used to transport passengers or property for compensation.  The totality of the evidence provides substantial support for the jury's finding that Efthimiatos' flight from Nantucket to Rutland was not in air transportation.  Instead, as the evidence showed, the flight was a return home after a social visit with Patricia Fisco.  Efthimiatos told Agent Hope that he had gone to Nantucket to visit a girlfriend (Trial Tr. vol. 69-70); he had a text message exchange with Ms. Fisco, whose number was saved in his phone as "Nantucket girls*," about his arrival in Nantucket (Ex. 69); and Ms. Fisco testified that she picked him up from the airport, went to dinner with him, and dropped him off at the airport (Trial Tr. vol. 1, 182, 186-88).  Ms. Fisco also testified that she did not see any other individuals with Efthimiatos, and did not see him handling merchandise or U.S. mail.  (Trial Tr. vol. 1, 188).  Agents Brandon Hope and Kevin Kadish both testified about their observations of the airplane (Trial Tr. vol. 1, 46, 82).  Agent Hope testified that he went into the aircraft, and Agent Kadish testified that he looked inside it.  Both agents testified that bags belonging to Efthimiatos were in the airplane at the time they looked into the airplane, and Agent Hope testified that the agents brought those bags to Efthimiatos' vehicle.  Both agents testified that there were no people, goods, cargo, or mail in the airplane.

**V.      CONCLUSION**

In sum, a rational trier of fact could readily have agreed with the jury's verdicts.

*Cavazos*, 132 S. Ct. at 2 (2011).  As such, the defendant's motion for a judgment of acquittal

pursuant to Rule 29 should be denied.  The Court should likewise deny the defendant's motion

for a new trial pursuant to Rule 33 because "competent, satisfactory and sufficient evidence" in

the record supports the jury's verdict.  *Ferguson*, 246 F.3d at 134 (quoting *Sanchez*, 969 F.2d at

1414).

Dated at Burlington, in the District of Vermont, February 7, 2019.

Respectfully submitted,

UNITED STATES OF AMERICA

CHRISTINA E. NOLAN
United States Attorney

By:      */s/ Nicole P. Cate*
NICOLE P. CATE
Assistant U.S. Attorney
P.O. Box 570
Burlington, VT 05402-0570
(802) 951-6725
Nicole.Cate@usdoj.gov

**CERTIFICATE OF SERVICE**

I, Liza G. LaBombard, Legal Assistant for the United States Attorney for the District of

Vermont, do hereby certify that on February 7, 2019, I electronically filed the

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR**

**JUDGMENT OF ACQUITTAL OR IN THE ALTERNATIVE FOR NEW TRIAL** with the

Clerk of the Court using the CM/ECF system.

*/s /Liza G. LaBombard*
Legal Assistant
District of Vermont
P.O. Box 570
Burlington, VT 05402
(802) 951-6725