EXHIBIT B

## UNITED STATES DISTRICT COURT
## DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | )   Docket No. 2:18-cr-49 |
| | ) |
| ANGELO PETER EFTHIMIATOS, | ) |
| | ) |
| *Defendant*. | ) |

### MOTION TO RECONSIDER PRETRIAL DETENTION ORDER

Angelo Peter Efthimiatos, through his attorney, Craig S. Nolan, Esq., respectfully requests that this Court vacate the detention order and release him on reasonable conditions designed to assure his appearance at trial. Circumstances have changed since this Court's July review of the original April 10, 2018 detention order of the Magistrate Judge. In particular, the trial has been delayed an additional three months from September 11th to December 5th. Considering the extended period of pretrial detention, along with new information discussed below, the Court should order the release of Mr. Efthimiatos on appropriate conditions.[1]

### BACKGROUND

Mr. Efthimiatos was charged in a single-count indictment on April 26, 2018 with knowingly and willfully serving as an airman without a certificate in violation of 49 U.S.C. § 46306(b)(7). Magistrate Judge John M. Conroy ordered that he remain detained pending trial to assure his appearance. On July 31, 2018, this Court reconsidered the detention order and—despite recognizing that it was a "close call"—concluded that Mr. Efthimiatos should remain detained pretrial.

---

[1] Understanding that this Motion must be based on changed circumstances, Mr. Efthimiatos does not repeat his earlier arguments to the Court, but nevertheless requests that the Court consider those arguments as background for the instant Motion. *See* Motion for Reconsideration of Detention Order, Doc. 16 (July 27, 2018).

Since the July hearing to reconsider detention, the trial date has been delayed by an additional three months to December. In the meantime, Mr. Efthimiatos has already served more than seven months' detention for a charge expected to result in an advisory guideline range of 2 to 8 months if he is convicted at trial.[2]

In addition, medical conditions affecting Mr. Efthimiatos' wife, Nancy Dellamonte, have caused a severe hardship for her and Mr. Efthimiatos' eleven-year-old daughter. Ms. Dellamonte is physically unable to make necessary repairs to the house in which she and the daughter reside. *See* Ex. A. Nor does she have the resources to pay someone to make the repairs. As a result, the homeowner's insurance policy—which is required as a condition of the mortgage loan—is at risk of cancelation due to the poor and deteriorating condition of the house.[3] *See* Ex. B. With the winter months approaching, Ms. Dellamonte needs firewood for heat, but cannot cut wood herself given her physical condition (nor can she afford to buy wood).[4] She desperately needs Mr. Efthimiatos home to repair the house, and to provide for necessities. Likewise, Ms. Dellamonte's parents, whose primary residence is just down the road, have been in Florida, where her father is in hospice care. Without the assistance of Mr. Efthimiatos, Ms. Dellamonte is unable to care for her parents' home in their absence.

If the Court were to release Mr. Efthimiatos, he has a job opportunity close to home. His neighbor is renovating an old building near the Efthimiatos-Dellamonte residence, and desires to hire Mr. Efthimiatos to assist with the renovation. *See* Ex. C. Mr. Efthimiatos previously

---

[2] On October 30, 2018, AUSA Cowles confirmed with defense counsel that the government concurs in the belief that the guideline range will be 2 to 8 months if convicted at trial, though the government noted that the absence of a directly applicable guideline creates some uncertainty.

[3] A letter from Ms. Dellamonte's insurer indicates that an inspection of their Sudbury home revealed the following issues: (1) exposed electrical panel, (2) shingles on the roof are curling, (3) siding is pealing and missing, (4) porch is falling and has no railing, and (5) the detached structure has peeling paint.

[4] Ms. Dellamonte is disabled due to her back problems and the need for two knee replacements.

worked on the building for his neighbor.  The job is substantial, consisting of renovation of three bedrooms, a hallway, a staircase and a bathroom according to a November 12, 2018 conversation between the neighbor, Beatrice McArdle, and defense counsel.  Ms. McArdle is aware that Mr. Efthimiatos is charged with a crime and currently detained, and would be on pretrial release.  Because Ms. Dellamonte cannot work due to back and knee medical issues, it is crucial that Mr. Efthimiatos take this job opportunity to earn an income and provide for his family.

## ARGUMENT

Mr. Efthimiatos should be released on conditions, including location monitoring and travel restrictions with limited exceptions.  Section 3142 of Title 18 of the United States Code provides that the least restrictive conditions be imposed to reasonably assure the appearance of a person.[5]  The new information above about his family's needs demonstrate that Mr. Efthimiatos has no incentive to flee.  He is committed to supporting his family through a good job close to home, and repairing the family home so that the homeowner's insurance policy remains in force and the home loan in good standing.

Further, when the Court reconsidered detention in July, the Court was operating under the belief that the trial would occur in September.  Since the hearing, however, the trial has been continued to December due to the withdrawal of Attorney Steven Barth.  As a result, Mr. Efthimiatos has already served more than three times the anticipated low end of the guideline range applicable if he is convicted at trial.  *Cf. United States v. El-Hage*, 213 F.3d. 74, 79 (2d Cir. 2000) (discussing that, while the length of detention alone is rarely dispositive, it is a factor

---

[5] This Court previously determined that Mr. Efthimiatos does not present a risk of danger to himself or the community.  *See United States v. Efthimiatos*, 2:18-cr-00049, Doc. 6.

to consider in determining whether due process has been violated). Under these circumstances, further detention is both unnecessary and unjust.[6]

## CONCLUSION

For the foregoing reasons, Mr. Efthimiatos respectfully asks that this Court vacate its detention order and instead impose conditions of release that would reasonably assure his appearance.

Dated at Burlington, Vermont, this 15th day of November, 2018.

**ANGELO PETER EFTHIMIATOS**

By: */s/ Craig S. Nolan*
Craig S. Nolan, Esq.
SHEEHEY FURLONG & BEHM P.C.
30 Main Street, 6th Floor
P.O. Box 66
Burlington, VT 05402-0066
(802) 864-9891
cnolan@sheeheyvt.com

---

[6] Although the Court's ruling was not based on the fact that there may have been an outstanding warrant for an alleged supervised release violation in the Southern District of Iowa, whether there is an outstanding warrant in a different district does not preclude this Court from releasing Mr. Efthimiatos in connection with the pending charges in this district. *Cf. United States v. El Edwy*, 272 F.3d 149, 152 (2d Cir. 2001) ("When a person is arrested on the basis of charges pending against him in a different district, the orders of detention or conditional release entered by a magistrate judge in the district of arrest are designed to insure the person's appearance in the district where he is wanted-the district where the prosecution is pending.").

Finally, to the extent that the Court has a concern about flight from country, Mr. Efthimiatos is estranged from his family in Europe. He has a poor relationship with his former wife and daughter, who both live in England. He also has no contact with his son. Furthermore, Mr. Efthimiatos no longer has a relationship with his parents, who blamed him for the Iowa drug-distribution prosecution involving his brother. Mr. Efthimiatos has no car, no airplane, no money, and his credit cards are maxed out. He has nowhere to go other than his home in Sudbury and therefore he should be released.

**CERTIFICATE OF SERVICE**

I, Craig S. Nolan, counsel for Angelo Peter Efthimiatos, do hereby certify that on November 15, 2018, I electronically filed with the Clerk of Court the following document:

**MOTION TO RECONSIDER PRETRIAL DETENTION ORDER**

using the CM/ECF system. The CM/ECF system will provide service of such filing via Notice of Electronic Filing (NEF) to the following NEF parties:

AUSA Eugenia A. Cowles, Esq.
U.S. Attorney's Office
11 Elmwood Avenue
P.O. Box 570
Burlington, VT  05403
eugenia.cowles@usdoj.gov

Dated at Burlington, Vermont this 15th day of November, 2018.

**ANGELO PETER EFTHIMIATOS**

By:  */s/ Craig S. Nolan*
Craig S. Nolan, Esq.
SHEEHEY FURLONG & BEHM P.C.
30 Main Street, 6th Floor
P.O. Box 66
Burlington, VT  05402-0066
(802) 864-9891
cnolan@sheeheyvt.com

# Exhibit A

**COMMUNITY HEALTH CENTERS**
**OF THE RUTLAND REGION**

www.CHCRR.org

**Castleton Family Health Center**
275 Route 30 N.
Bomoseen, VT 05732-9647
Phone: 802-468-5641  Fax: 802-855-8532

November 1, 2018

TO WHOM IT MAY CONCERN:

Re: Nancy Dellamonte
DOB ▓▓▓▓▓▓▓

I am writing as the primary physician for my patient, Mrs. Nancy Dellamonte.

I am treating her for a number of issues which include musculoskeletal discomfort, which does create chronic pain syndrome. On her current treatment plan she is functioning, although with some difficulties. I do not anticipate a fundamental change in her treatment plan at this time.

In terms of functionality, there are some limitations for Mrs. Dellamonte, for which she is attempting to manage. Her treatment plan should be a multi-disciplinary approach.

I hope this information is of some value.

Sincerely,

Bradley Berryhill, MD MS

Electronically signed by Bradley Berryhill, MD on 11/01/2018 at 11:55 pm

# Rutland Regional Medical Center

Rutland Vermont Orthopaedic Clinic

(802) 775-2937

Patient: DELLAMONTE, NANCYLEE A
MRN: 220274
FIN: 7888899
DOB/Age/Sex: [redacted] 58 years Female

Admit: 12/7/2017
Discharge: 12/7/2017
Admitting: ERIC MARSH, MD
Copy To:

### Rutland Vermont Orthopaedic Clinic

DOCUMENT NAME:        RVOC Provider Visit
SERVICE DATE/TIME:    12/7/2017 10:26 EST
RESULT STATUS:        Auth (Verified)
PERFORM INFORMATION:  ERIC MARSH, MD (12/7/2017 00:00 EST)
SIGN INFORMATION:     ERIC MARSH, MD (12/8/2017 11:06 EST)
TRANSCRIPTION INFORMATION: MEDQUIST CONTRIBUTOR_SYSTEM,(12/7/2017 14:49 EST)

78

**DATE OF VISIT**
12/07/2017

**PROBLEM**
Bilateral knee DJD.

**HISTORY**
Nancy Lee returns today for shot #2 of her viscosupplementation. She is doing okay, feeling maybe a little bit of relief from that initial injection but still definitely sore. Side and site were verified. Sterile technique was used. A 22-gauge needle was used to inject 2 mL of Orthovisc into the right knee through the lateral retinaculum.

We also during this visit got x-rays of her knees for potential preop planning for total knee arthroplasty. Standing AP, PA, lateral and sunrise views of both knees as well as a standing alignment film were all obtained. These show end-stage varus arthritis on the left knee. She is completely bone-on-bone in the medial compartment with significant osteophytes. Right knee has moderate medial joint space narrowing. Both knees have relatively well-preserved patellofemoral joints. Standing alignment film also obtained and again shows left greater than right varus osteoarthritis. A 7-degree varus mechanical axis on the left, a 5-degree varus mechanical axis on the right.

**ASSESSMENT**
Bilateral knee DJD, left greater than right.

**PLAN**
X-ray findings were reviewed in detail with Nancy Lee. Given the appearance of her right knee x-rays, certainly we would hope to avoid arthroplasty yet as she is not quite bone-on-bone although definitely has pretty significant arthritis. The left knee however is completely bone-on-bone. She feels like she has failed maximal nonoperative treatment and is having persistent pain

Report Request ID: 17420316    Page 1 of 2    Print Date/Time: 11/2/2018 14:41 EDT

Rutland Vermont Orthopaedic Clinic

(802) 775-2937

Patient: DELLAMONTE, NANCYLEE A
MRN: 220274
FIN: 7888899
DOB/Age/Sex: ▮▮▮ 58 years    Female

Admit:       12/7/2017
Discharge:   12/7/2017
Admitting:   ERIC MARSH, MD
Copy To:

### Rutland Vermont Orthopaedic Clinic

interfering with quality of life. Risks, benefits and indications of total knee arthroplasty were discussed in detail with the patient. Expectations, outcomes, recovery course, etc. were all reviewed. We did discuss narcotic pain medications and appropriate information was provided and all questions were answered. She is on chronic narcotics for back and neck issues and has already talked to her primary care provider about the potential for need for additional narcotics over the course of the immediate perioperative period.

All questions answered. She is going to take some time to think about how she would like to proceed. My recommendation at this point would be for a left total knee arthroplasty trying to hold off on the right side for the time being. We are going to see her back for shot #3 into the right knee for her viscosupplementation and will have further discussion at that point. Our plan when it is time for surgery will be for a computer navigated total knee arthroplasty with cruciate-retaining rotating platform components.

EJM/CM
DD: 12/07/2017 10:26
DT: 12/07/2017 14:49
Job #: 736081/768179090

cc:
Megan Greenleaf, MD

Electronically Signed By: ERIC MARSH, MD
Date and Time Signed: 12/08/17 11:08 EST

# Exhibit B

October 23, 2018

Nancy Dellamonte

Sudbury, VT 05733

Nancy,

Allstate recently completed an inspection of your home.

There are the following issues to address:

1) Electrical-Needs panel cover
2) Roof-Shingles curling
3) Siding- Peeling and missing
4) Porch- Falling and no railings
5) Detached structure- Paint peeling

I am happy to forward photos of the areas that need to be addressed, if you could provide me with your email address.

Once the work is completed, this must be done for the policy to continue, I can set up a new inspection for you. Please let me know when the work is completed. Please feel free to contact me with any questions regarding the inspection.

Thank you!

Sincerely,

*Catherine A. Bresette*

Catherine Bresette
Sales Producer
Bill Vien Agency LLC
802-775-2587
cbresette@allstate.com

# Exhibit C

Beatrice McArdle

Sudbury, VT  05733

October 30, 2018

Mr. Craig Nolan
Sheehey, Furlong & Behm P.C
30 Main Street, 6th Floor
PO Box 66
Burlington, VT  05402-0066

Dear Mr. Nolan,

This letter is in support of Angelo Efthimiatos. I have known him and his family since they moved in up the road from me. Angelo has been helpful to me on many occasions. He has also worked on various projects on my property

I hired him to remodel my kitchen two summers ago. The latest project he was working on was to renovate an annex building I have on my property. This included gutting it, installing electrical, plumbing, insulation, sheetrock, trim and bathrooms. It is quite an extensive renovation. I would like to have Angelo continue working on the job. So he will have employment when he is released.

Sincerely,

Beatrice McArdle

Beatrice McArdle